# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DELBERT MCGEE,** | : | CIVIL ACTION NO. 1:18-CV-500 |
| Petitioner | : | (Chief Judge Conner) |
| v. | : | |
| **DAVID EBBERT, WARDEN,** | : | |
| Respondent | : | |

## **ORDER**

AND NOW, this 26th day of November, 2019, upon consideration of the report (Doc. 13) of Magistrate Judge William I. Arbuckle recommending that the court dismiss the petition (Doc. 1) for writ of habeas corpus pursuant to 28 U.S.C. § 2241 by petitioner Delbert McGee ("McGee"), wherein Judge Arbuckle opines that McGee's petition must be dismissed for lack of jurisdiction, and it appearing that McGee has not objected to the report, see FED. R. CIV. P. 72(b)(2), and the court noting that failure to timely object to a magistrate judge's conclusions "may result in forfeiture of *de novo* review at the district court level," Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (citing Henderson v. Carlson, 812 F.2d 874, 878-79 (3d Cir. 1987)), but that, as a matter of good practice, a district court should afford "reasoned consideration" to the uncontested portions of the report, E.E.O.C. v. City of Long Branch, 866 F.3d 93, 100 (3d Cir. 2017) (quoting Henderson, 812 F.2d at 879), in order to "satisfy itself that there is no clear error on the face of the record," FED. R. CIV. P. 72(b), advisory committee notes, and, following independent review of the record, the court being in agreement with Judge Arbuckle's recommendation, and

concluding that there is no clear error on the face of the record,[1] it is hereby

ORDERED that:

1. The report (Doc. 13) of Magistrate Judge Arbuckle is ADOPTED.

2. McGee's petition (Doc. 1) for writ of habeas corpus is DENIED.

3. The Clerk of Court is directed to CLOSE this case.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] We note several misstatements in the report that must be corrected to preserve an accurate record. The report states that the impact of a designation under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was to increase McGee's "*guideline* range . . . from a range of 0 months to 120 months to a range of 180 months to life imprisonment." (Doc. 13 at 1-2 (emphasis added)). The report also repeatedly refers to McGee as being designated a "career offender under the ACCA." (Id. at 3, 6; see id. at 2). The report conflates the ACCA statute (and its corresponding mandatory minimum and statutory maximum sentences) with the Sentencing Guidelines' career-offender enhancement. We clarify that the effect of the ACCA was to designate McGee an "armed career criminal" and to increase his *statutory* sentencing exposure to a mandatory minimum of 10 years' imprisonment and a maximum term of life. We note that this misstatement does not impact the report's analysis, which we agree with and adopt in full.